Singleton, Judge:
This claim was filed September 18, 1967, and the evidence relating thereto offered by claimant and respondent at a hearing held by this Court on April 8, 1968.
This claim is in the principal amount of $135.96, and the claimant further asks the additional sum of $21.76 as interest. No evidence was offered by claimant to prove that the contract under which the goods in question were supplied provided for the payment of interest. The fact that the invoices rendered contained a printed statement that six (6%) percent interest *132 would be charged on “past due accounts” is not, in the opinion of this Court, sufficient to satisfy the statutory requirement. See Code Chapter 14, Article 2, Section 12. Accordingly, the claim for interest is hereby disallowed.
This claim involves twelve invoices for fresh fruits and vegetables supplied and delivered, per order, to Lakin State Hospital Commissary, an institution operated by the West Virginia Department of Mental Health. In its answer to claimants petition, respondent admits that the fruits and vegetables itemized on seven of said invoices were “ordered, received and used by said hospital”. These seven invoices total $69.31, and would have been paid had they been timely processed during fiscal year 1964-65 under current appropriations.
The remaining five invoices, totaling $66.65, for fruit and vegetables delivered during this same period, were not accompanied by driver delivery slips receipted by the signature of an authorized hospital or commissary storekeeper.
The claimant offered in evidence the original book records and ledger sheets relating to these transactions, together with the original delivery receipts evidencing the quantities and prices of the items delivered, the date thereof, and the name of the delivery man. The five transactions in question are widely spaced as to time, and involved deliveries made on July 2, July 30, August 6, September 24, and November 27, all in 1964. The two delivery men involved, one of whom is no longer employed by claimant, each testified that they delivered the goods covered by the respective delivery slips to the hospital, that the goods were left outside the door of the storeroom or commissary, this being the accepted and customary delivery method when the storeroom was not open and no one was present to sign for the goods.
Respondents witness Miller, storekeeper at Lakin State Hospital during 1964-65, testified that he could not recollect the deliveries in question (although recognizing the deliverymen), that he could not say the deliveries were not made and the goods not received, but that it would have been possible for the drivers to obtain receipts therefore had they gone to other parts of the hospital. It further appears from the evidence that the invoices in question represent a very small portion of the *133 business conducted between claimant and respondent during this period.
While this Court is aware of the constitutional prohibitions relating to payment by the state for goods and services, after consideration of all the evidence and exhibits, we are of the opinion that claimant has, by a preponderance of the evidence established the ordering of and the delivery of the goods in question and thereby proven a valid claim against the State that in equity and good conscience should be paid. It is accordingly the judgment of this Court that the claimant be and it is hereby awarded, the sum of $135.96.